OPINION
{¶ 1} This is an appeal from the trial court's November 8, 2004, classification of Appellant as a sexual predator.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On June 27, 1997, the Stark County Grand Jury indicted Leon Williamson, defendant-appellant, on one count of rape (R.C. 2907.02) and a prior conviction specification (R.C. 2941.142). Appellant pleaded not guilty at the arraignment on August 1, 1997 and a jury trial was set for September 2, 1997.
{¶ 4} On September 2, 1997, appellant filed a Motion in Limine requesting bifurcation of the prior conviction specification alleged in the indictment. No hearing was requested or held on this motion. Trial commenced on September 4, 1997, two days after appellant's Motion in Limine was filed.
{¶ 5} At trial on September 4th, appellant entered a stipulation to a prior conviction for purposes of an enhanced penalty under the specification.
{¶ 6} On February 5, 1996, at approximately 2:00 A.M., appellant and his friend, Tyree Anthony, met Tanganita Clark coming home from a crack cocaine purchase. Ms. Clark testified she was friends with Tyree Anthony and the two men gave her a ride home. Ms. Clark testified she had never met appellant prior to that night.
{¶ 7} Charles Anthony, Ms. Clark's roommate, was home when Ms. Clark and her companions arrived at 403 Shorb Avenue, N.W., Canton, Ohio.
{¶ 8} Ms. Clark testified she and appellant smoked crack cocaine. She also disclosed in testimony that she had been a crack cocaine abuser and spent time in prison on drug offenses.
{¶ 9} According to Ms. Clark, at some point, Tyree Anthony left and appellant remained with Charles Anthony and herself. Ms. Clark testified after some time, Charles had to get aggressive with appellant to get him to leave the residence. Ms. Clark fell asleep on the couch and Charles Anthony left for work.
{¶ 10} Some time later in the morning, Ms. Clark testified she awoke to realize appellant was back in the apartment tugging at her shorts. She testified he started getting aggressive and cussing at her. According to Ms. Clark, appellant told her to shut up and threatened to kill her. Ms. Clark testified she was punched in the face several times, resulting in black eyes and a bloody nose, and also choked and threatened with a knife by appellant. At some point, she struggled for the knife and the blade broke away from the handle. Ms. Clark testified she finally gave in when the blade was pushed between her legs and appellant threatened to shove it in her. Ms. Clark was forced to perform oral sex upon appellant and submitted to vaginal intercourse while wearing a tampon. Following the attack, Ms. Clark testified appellant grabbed the knife blade and the sheet from the bed. Ms. Clark called the police and underwent a medical examination, including a rape kit, at Aultman Hospital.
{¶ 11} Michele Mitchell of the Canton-Stark County Crime Laboratory gave expert testimony as to tests performed on the rape kit and on the victim's clothing. Ms. Mitchell testified sperm was detected on vaginal swabs and slides as well as on the victim's tampon and shorts.
{¶ 12} Ms. Mitchell further testified blood stains on the tampon and clothing did not exclude appellant as a suspect. The knife handle, medical records, sexual assault kit with test results, and photos of Ms. Clark's facial injuries were presented to the jury for consideration.
{¶ 13} Jeff Jones of the State Parole Authority testified, without revealing he was a parole officer of the Ohio Parole Authority, he had regular contact with appellant in February, 1996. Mr. Jones further testified, on February 5, 1996, he received a phone call from appellant in which appellant stated he had had sex with a woman that day and she was very upset with him.
{¶ 14} Tyree Anthony, as a lifetime acquaintance of both appellant and the victim, testified he and appellant gave Ms. Clark a ride home on February 5, 1996, and they went inside the residence with her. Ms. Clark lived with Tyree's brother, Charles. Tyree Anthony spoke with his brother for awhile and left the residence after about twenty to thirty minutes. He saw appellant again that morning between 7:30 and 8:30 A.M. at the Canton YMCA. Mr. Anthony testified he observed appellant enter the building through the Third Street entrance and immediately exit the building through the Second Street exit.
{¶ 15} Mr. Anthony testified he made eye contact with appellant and observed that his boots were untied, his hair was uncombed and he was carrying something in his arm. Mr. Anthony described the encounter as unusual because his friend did not stop and talk. Mr. Anthony testified he had not seen or spoken to appellant since that encounter.
{¶ 16} Appellant offered no testimony or exhibits at trial.
{¶ 17} The jury found appellant guilty as charged on one count of rape. Appellant's sentencing was set for September 5, 1997. At sentencing, the trial court denied appellant's election for sentencing pursuant to Senate Bill 2 for the rape offense which occurred prior to the effective date of Senate Bill 2.
{¶ 18} The trial court found appellant had a prior conviction and sentenced appellant to a period of thirteen to twenty-five years incarceration. Appellant was re-sentenced pursuant to Senate Bill 2 on September 8, 1997 to an actual period of ten years incarceration. The State's subsequent Motion to Reconsider Sentencing was denied at an October 6, 1997 hearing.
{¶ 19} Appellant appealed his sentence and conviction to this Court, which affirmed same. See State v. Williamson (Apr. 27, 1998), Stark App. No. 1997-CA-0338.
{¶ 20} In November, 2004, the trial court conducted a sexual predator classification hearing pursuant to R.C. § 2950.09.
{¶ 21} Prior to said classification hearing, Appellant moved the court to dismiss the classification hearing because such hearing was not conducted prior to his sentencing in 1997. The trial court denied said motion.
{¶ 22} Appellant also filed a motion for expert witness fees. The trial court denied said motion stating that Appellant "failed to show that an expert is reasonably necessary on the issue of likelihood to commit future such crimes."
{¶ 23} At the conclusion of the classification hearing, the trial court found by clear and convincing evidence that Appellant is a sexual predator.
{¶ 24} It is from this classification that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 25} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR EXPERT WITNESS FEES.
{¶ 26} "II. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING."
 I.
{¶ 27} In the first assignment of error, Appellant argues that the trial court erred in denying his motion for expert fees. We disagree.
{¶ 28} The appointment of an expert witness in a sexual offender classification proceeding is within the sound discretion of the trial court. Id. at 162. This Court will not reverse the trial court's decision absent an abuse of discretion. State v. Covill (Oct. 22, 2001), 5th Dist. No. 2001CA00074. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 29} In State v. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881, the Ohio Supreme Court held that indigent offenders may be entitled to appointment of an expert witness to assist them in their defense at a classification hearing:
{¶ 30} "An expert witness shall be provided to an indigent offender if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. § 2950.01(E)." Id. at syllabus.
{¶ 31} In Eppinger, supra, the Supreme Court ruled that the trial court abused its discretion in denying the offender's motion for appointment of an expert because there was scant evidence in the record relating to the offender's likelihood to re-offend. Id. at 159,743 N.E.2d 881. The court concluded that an expert was necessary in that case because the offender had been convicted of only one sexually oriented offense, and there was an absence of a history of similar offenses or other indicators. Id.
{¶ 32} In the case sub judice, Appellant, in his motion, stated only that "[a]n expert witness is necessary in order to assist the Court in making the required findings under R.C. 2950."
{¶ 33} In the instant case, other indicators of a likelihood to re-offend were clearly present, and were presented as evidence at the classification hearing. The evidence reflected that crime was violent and involved the use of a deadly weapon; that Appellant threatened to kill his victim; that Appellant had a lengthy criminal history involving violent behavior; and, furthermore, Appellant has failed to seek any treatment.
{¶ 34} Based on the above, the court had sufficient evidence which allowed the trial court to assess Appellant's likelihood to re-offend. The court did not abuse its discretion in overruling his motion for appointment of an expert witness.
{¶ 35} Given appellant's complete lack of argument in support of the motion, this Court cannot say that the trial court acted in an arbitrary or unreasonable manner in denying the motion to appoint an expert.
{¶ 36} Based on the foregoing, we find Appellant's first assignment of error not well-taken and overrule same.
 II.
{¶ 37} In the second assignment of error, Appellant argues that the trial court's decision to classify him as sexual predator is not supported by clear and convincing evidence. We disagree.
{¶ 38} Revised Code § 2950.01(E) defines a "sexual predator" as
{¶ 39} "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
{¶ 40} R.C. § 2950.09(B)(2), which sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator", provides:
{¶ 41} "In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
{¶ 42} "(a) The offender's age;
{¶ 43} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ 44} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
{¶ 45} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
{¶ 46} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ 47} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
{¶ 48} "(g) Any mental illness or mental disability of the offender;
{¶ 49} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
{¶ 50} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
{¶ 51} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
{¶ 52} While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before an individual is adjudicated a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622.
{¶ 53} In the instant action, Appellant was convicted of raping a woman at knife point and threatening to kill her. Appellant also has an extensive criminal history which includes ten convictions for robbery, crimes of a violent nature. While incarcerated, Appellant has not sought or undergone any treatment.
{¶ 54} As appellant presented no evidence at the classification hearing and the trial court clearly considered the statutory factors under R.C. 2950.09(B)(3), this Court cannot say that the trial court's determination was not supported by some competent credible evidence.
{¶ 55} Based on the foregoing, we find Appellant's second assignment of error not well-taken and overrule same.
{¶ 56} The decision of the Stark County Court of Common Pleas is affirmed.
Boggins, P.J. Hoffman, J., and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Stark County, Ohio, is affirmed. Costs assessed to Appellant.